FILED
CLERK

2:40 pm, Nov 20, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NELLY AMAYA,

                Plaintiff,

      -against-

BALLYSHEAR LLC, GELLER & COMPANY
LLC, DIANE GUBELLI, MARIKA SYGMAN,
and STEVE KACZYNSKI, individually,

               Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-01596 (ADS)(GRB)

**APPEARANCES:**

**Derek Smith Law Group PLLC**
*Counsel for the Plaintiff*
30 Broad Street, 35th Floor
New York, NY 10004
    By:    Derek T. Smith, Esq.,
            Kelly L. O'Connell, Esq., Of Counsel

**Willkie Farr & Gallagher LLP**
*Counsel for the Defendants*
787 Seventh Avenue
New York, NY 10019
    By:    Joseph T. Baio, Esq.,
            Andrew Spital, Esq.,
            Elizabeth Dunn, Esq., Of Counsel

**SPATT, District Judge**:

On March 21, 2017, Nelly Amaya ("Amaya" or the "Plaintiff") commenced this employment discrimination action against her former employers Ballyshear LLC ("Ballyshear") and Geller & Company LLC ("Geller") (together, the "Corporate Defendants"), as well as various individuals employed by the Corporate Defendants, specifically, Diane Gubelli ("Gubelli"), Janine Wheaton ("Wheaton"), Marika Sygman ("Sygman"), and Steve Kaczynski ("Kaczynski")

1

(together, the "Individual Defendants" and collectively with the Corporate Defendants, the "Defendants"). The Plaintiff alleged gender, race and national origin-based employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and New York Executive Law § 296 ("NYSHRL"). In her opposition brief, Amaya asserted causes of action arising under the New York City Human Rights Law ("NYCHRL").

On March 14, 2018, the Court granted the Defendants' motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FED. R. CIV. P." or "Rule"), in part (the "MTD Order"). Specifically, the Court dismissed the Plaintiff's causes of action that stemmed from Title VII and precluded the Plaintiff from advancing a wrongful termination, retaliatory discharge or constructive discharge theory pursuant to § 1981 or the NYSHRL. The Plaintiff's attempt to assert NYCHRL claims through her motion papers was also denied. Amaya was allowed to proceed with a hostile work environment theory pursuant to NYSHRL and § 1981 as well as a retaliatory workplace theory pursuant to § 1981 and the NYSHRL.

On April 20, 2018, the Court issued an order (the "April Order") which (1) dismissed Janine Wheaton from the case; (2) amended the caption to correct a name misspelling; (3) directed the Plaintiff to file her Second Amended Complaint ("SAC") on or before April 24, 2018; and (4) ordered the Defendants to answer or otherwise respond to the Second Amended Complaint on or before June 15, 2018. The April Order also noted that the parties agreed that the Plaintiff's SAC would (1) strike sections that were dismissed by the MTD Order; (2) add causes of action under the NYCHRL; and (3) add factual allegations only insofar as they were relevant to the issue of whether she was an employee covered by the NYCHRL.

The Plaintiff filed her proposed SAC on April 24, 2018.

Presently before the Court is a motion by the Defendants, pursuant to Rules 12(b)(1), 12(b)(6) and 12(f), seeking to partially dismiss the SAC and to strike certain factual allegations in the SAC. The background of this case is set forth in the MTD Order and familiarity with that decision is assumed.

For the reasons set forth below, the Defendants' motion is granted.

## I. DISCUSSION

### A. STANDARD OF REVIEW: FED. R. CIV. P. 12(B)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) ("After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." (internal citations and quotation marks omitted)). *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). "Under FED R. CIV. P. 12(b)(1), '[even] a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient.'" *Frisone v. Pepsico Inc.*, 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (quoting *Peterson v. Cont'l Airlines Inc.*, 970 F. Supp. 246, 249 (S.D.N.Y. 1997)).

In its assessment of whether it has subject matter jurisdiction, the Court "need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings." *Williams v. Runyon*, No. 97-Civ.-4029, 1999 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999) (quoting *Societe Nationale d'Exploitation*

*Industrielle des Tabacs et Allumettes v. Salmon Bros. Int'l Ltd.*, 928 F. Supp. 398, 402 (S.D.N.Y. 1996)); *accord New York State Catholic Health Plan, Inc. v. Acad. O & P Assocs.*, 312 F.R.D. 278, 294 (E.D.N.Y. 2015) (citing *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002)); *Makarova*, 201 F.3d at 113 (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). All uncontroverted factual allegations contained in the complaint are accepted as true and the Court draws all reasonable inferences in favor of the party asserting jurisdiction. *See Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014); *accord Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

There are two types of procedural challenges to subject matter jurisdiction under Rule 12(b)(1): (1) facial; or (2) fact-based.

A facial challenge is based exclusively on the complaint's factual allegations or exhibits attached to the complaint. There, the plaintiff does not have an evidentiary burden, *see Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011), and the district court must evaluate whether the complaint and its exhibits "allege facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Id.*; *see, e.g.*, *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). *See also Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.").

In a fact-based challenge, a defendant must proffer evidence beyond what is alleged in or attached to the complaint. *See, e.g.*, *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 n.6 (2d Cir. 2001). "[I[f the affidavits submitted on a [fact-based] 12(b)(1) motion … reveal the existence of factual problems" related to jurisdiction, the plaintiff must present evidence of his own to counter

the defendant's evidence. *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976). There, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon*, 752 F.3d at 243 (quoting *Makarova*, 201 F.3d at 113). If the plaintiff's allegations and exhibits are sufficiently plausible and the evidence presented by the defendant does not contradict such allegations, the plaintiff does not have to present additional evidence and can rely on the pleadings.

**B. STANDARD OF REVIEW: FED. R. CIV. P. 12(B)(6)**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### C. STANDARD OF REVIEW: FED. R. CIV. P. 12(F)

According to Rule 12(f), the court may *sue sponte* or upon motion, "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." *Lynch v. Southampton Animal Shelter Found., Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (quoting FED. R. CIV. P. 12(f)). Motions to strike are not generally "favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Lennon v. Seaman*, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999).

To succeed on a Rule 12(f) motion, the moving party must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (quoting *Koch v. Dwyer*, No. 98 Civ. 5519, 2000 WL 1458803, at *1 (S.D.N.Y. Sept. 29, 2000)).

## D. NYCHRL Claims

The Plaintiff, a former housekeeper who lives in Southampton, New York, alleges that the Defendants engaged in unlawful discrimination and retaliation in violation of the NYCHRL. The Defendants contend that as a result of the Plaintiff's failure to show that the alleged conduct had an "impact" within New York City, this Court lacks subject-matter jurisdiction and Amaya fails to successfully plead a NYCHRL claim.

To state a NYCHRL claim, a plaintiff is required to "allege that he was discriminated against by the defendant within New York City." *Salvatore v. KLM Royal Dutch Airlines*, No. 98-CV-2450, 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999); *accord Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 291, 933 N.E.2d 744 (N.Y. 2010) (holding that to establish a NYCHRL claim, a plaintiff must "plead and prove that the alleged discriminatory conduct had an impact in New York"). To do this, the Court reviews "the location of the impact of the offensive conduct." *Salvatore*, 1999 WL 796172, at *16. In other words, "it is the site of impact, not the place of origination, that determines where discriminatory acts occur." *Int'l Healthcare Sch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 362 (S.D.N.Y. 2007).

In the instant case, the Plaintiff pleads that she is a resident of Southampton, New York on Long Island. At the time of the alleged conduct, she was employed as a housekeeper at Ballyshear, Michael Bloomberg's Southampton Residence ("Ballyshear"). Amaya does not contend that she ever worked in New York City while employed by the Corporate Defendants. All of the discriminatory conduct occurred at Ballyshear, far from the five boroughs of New York City.

"Where the discriminatory conduct occurs outside the geographical bounds of New York City, courts have found that the impact requirement is satisfied if the plaintiff alleges that the conduct has affected the term and conditions of the plaintiff's employment within the city."

7

*Lambui v. Collins*, No. 14-cv-6457 (JS)(AYS), 2015 WL 5821589, at *5 (E.D.N.Y. Sept. 30, 2015) (collecting cases). The rationale for this is explained by the New York Court of Appeals as follows:

> [I]t is clear from the statute's language that its protections are afforded only to those who inhabit or are "persons in" the City of New York. The law declares, among other things, that "prejudice, intolerance, bigotry, and discrimination . . . threaten the rights and proper privileges of [the city's] *inhabitants*," and that "[i]n the city of New York . . . there is no greater danger to the health, morals, safety and welfare of the city and its *inhabitants* than the existence of groups prejudiced against one another . . . because of their actual or perceived differences, including those based on . . . age . . . ."

*Hoffman*, 15 N.Y.3d at 289 (emphasis in original).

The Plaintiff alleges four connections to New York City that purportedly satisfy the impact requirement: (1) the decision to hire and fire her was made in New York City; (2) she attended several meetings in the Corporate Defendants' New York City office; (3) supervisors in the New York City office interacted with her during the course of her employment; and (4) there was a possibility that she might work at other locations within New York City.

Amaya's first contention was explicitly rejected by the New York Court of Appeals in *Hoffman*. *Lambui*, 2015 WL 5821589, at *5 (citing *Hoffman*, 15 N.Y.3d at 290-91). There, the Court of Appeals held that an employer's decision to terminate a non-resident employee who did not work in New York City did not sufficiently contend that the conduct had an impact on the five boroughs. *Hoffman*, 15 N.Y.3d at 291. In opposition, the Plaintiff erroneously cites the Appellate Division, First Department decision in *Hoffman*, a decision which was explicitly overruled by the New York Court of Appeals. *Id*. at 290-91. Specifically, *Hoffman* held that

> [t]he Appellate Division's rule that a plaintiff need only plead and prove that the employer's decision to terminate was made in the city is impractical, would lead to inconsistent and arbitrary results, and expand[] NYCHRL protections to nonresident who have, at most, tangential contacts with the city. Indeed, the permutations of such a rule are endless, and, although the locus of the decision to

8

> terminate may be a factor to consider, the success or failure of an NYCHRL claim should not be solely dependent on something as arbitrary as where the termination decision was made.

*Id*. The Plaintiff's citation to a lower court decision in *Hoffman* holds no weight. The law in this instance is clear: the location of an employment decision concerning a non-resident employee does not sufficiently impact the terms and conditions of employment within New York City so as to implicate a NYCHRL cause of action.

The Plaintiff's second nexus to New York City are the meetings at the Corporate Defendants' Manhattan office. The *Lambui* court forecloses this argument. There, Judge Seybert found that the Manhattan meetings between an employer and a non-resident plaintiff who worked on Long Island which led to that plaintiff's termination did not sufficiently satisfy the impact test because "it is the impact of the adverse action, and not the location where acts leading to the discrimination occur that gives rise to a claim under the NYCHRL." *Lambui*, 2015 WL 5821589, at *5 (citing *Shah v. Wilco Sys., Inc.*, 27 A.D.3d 169, 176, 806 N.Y.S.2d 553 (N.Y. App. Div. 2005)). The location of employment-related meetings does not adequately impact the terms and conditions of employment within New York City, regardless of the number of meetings or whether any employment-related decisions were rendered.

Next, the Plaintiff pleads that supervisors in the New York City office interacted with her during the course of her employment. Specifically, she argues in her opposition brief that "[s]upervisors in the New York [City] office monitored her, [and] called her multiple times regarding her complaints of unlawful discrimination and continued employment." Docket Entry ("Dkt.") 46 at 11. However, the location of these contacts with the Plaintiff are consequences that derive from the Corporate Defendants' location. To accept the Plaintiff's argument that mere interactions with a non-resident plaintiff are sufficient would expand the scope of the NYCHRL

9

to cover all decisions of New York City-based employers regardless of the location of their employees. *See Duffy v. Drake Beam Morin Harcourt Gen., Inc.*, No. 96-CV-5606, 1998 WL 252063, at *12 (S.D.N.Y. May 19, 1998) ("To hold otherwise would be to expand the [NYCHRL] to cover any employee who is fired pursuant to a decision handed down by an employer from its New York City headquarters, no matter where the employee in question actually works."). The NYCHRL's reach is not so expansive.

The Plaintiff's final purported nexus to New York City is the most distant. Amaya argues that she could have been asked to work in other locations, some of which are in New York City, although she has never alleged that she worked a single day there while employed by the Corporate Defendants. *Wang v. Government Employees Insurance Company*, No. 15-CV-1773 (JS)(ARL), 2016 WL 11469653 (E.D.N.Y. Mar. 31, 2016) is instructive. The *Wang* Court held that an attorney for the defendant could not assert a NYCHRL claim based on the possibility that she receives a position that would require her to handle legal cases in New York City. 2016 WL 11469653, at *7. Accordingly, the mere potential of being asked to work in the five boroughs is plainly inadequate.

Amaya's reliance on *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579 (S.D.N.Y. 2017) is misguided. First, the Plaintiff cites *Chen-Oster* for the proposition that the Defendants must show "there is no possibility" of subject matter jurisdiction. Dkt. 46 at 13. This assertion is incorrect. As stated above, it is a plaintiff's responsibility to establish subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1). 251 F. Supp. 3d at 585-86. Further, the *Chen-Oster* Court's holding does not support the Plaintiff's position. In deciding a motion to amend, Judge Torres declined to hold that the plaintiff's NYCHRL retaliation claim was futile because "it is plausible that [the plaintiff] felt Goldman Sachs' alleged retaliation, at least in part, in New York

10

[City]." *Id*. at 594-95. However, the plaintiff in *Chen-Oster* "regularly travel[ed] to and work[ed] from the Goldman Sach's New York [City] office, [and] serv[ed] clients in New York [City]." *Id*. at 594 (internal quotation marks omitted). There is no allegation here that the Plaintiff ever worked in New York City in any capacity. Consequently, *Chen-Oster* does not support the Plaintiff's position.

Accordingly, when the Plaintiff's contentions are viewed together, the impact of the alleged discrimination was felt exclusively on Long Island and the Plaintiff "has no basis to invoke the protections of the NYCHRL." *Lambui*, 2015 WL 5821589, at *6. The Plaintiff's NYCHRL claims, as pled, lack subject-matter jurisdiction and fail to state a claim. The Defendants' motion to dismiss these claims, pursuant to Rules 12(b)(1) and 12(b)(6), is granted.

E.  **PREVIOUSLY DISMISSED CLAIMS**

The Defendants maintain that the Plaintiff re-pled her wrongful termination, retaliatory discharge and constructive discharge claims pursuant to § 1981 or the NYSHRL, in violation of the Court's MTD Order.

The Plaintiff has only received permission to amend her complaint to add her NYCHRL claims. *See* April Order. This Court has not granted permission to amend or add any other causes of action. Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). At this stage, the Plaintiff is required to seek leave to amend her complaint. The Plaintiff's repleading of the first, second, and third claims is merely a reiteration of claims previously asserted and dismissed by this Court, in violation of the Court's MTD Order and the April Order. Any amendments that assert these claims have no legal force or effect.

As this Court holds that the Plaintiff is precluded from amending her § 1981 and NYSHRL claims to assert causes of action that were previously dismissed, the Court declines to rule whether such amendments are precluded by the law of the case doctrine.

Accordingly, the Plaintiff must revise her § 1981 and NYSHRL causes of action to only include claims relevant to a workplace retaliation or hostile work environment theory.

## F. NEW FACTUAL ALLEGATIONS

The Defendants seek to strike paragraphs 30, 32, 41-43, 47, 55, 64, 67-69, 83, 88, 93, 127-28, 133-34, 136, 138-39, 142, 148 and 152 from the SAC and revert paragraphs 1, 73, 86, 123-26 and 140 to their form in the First Amended Complaint, on the grounds that they are immaterial and impertinent. The paragraphs-at-issue pertain to the Plaintiff's NYCHRL claims.

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005). As Amaya asserts in her opposition brief, the Court's April Order states that: "Plaintiff was free to advance theories of liability that would be actionable under NYCHRL, as well as the facts that support such theories." Dkt. 46 at 9. This Order dismisses all of the Plaintiff's NYCHRL claims asserted in the SAC. Any facts asserted in accordance with the April Order to support NYCHRL claims are immaterial as the Court does not have jurisdiction over such claims. Further, these additional factual allegations are immaterial and impertinent to the remainder of the claims as they were inserted into the SAC to advance NYCHRL claims. The Plaintiff does not argue that any of these additions are relevant to the remainder of her claims.

12

Accordingly, the Defendants request to strike paragraphs 30, 32, 41-43, 47, 55, 64, 67-69, 83, 88, 93, 127-28, 133-34, 136, 138-39, 142, 148 and 152 from the SAC and revert paragraphs 1, 73, 86, 123-26 and 140 to their form in the First Amended Complaint, pursuant to Rule 12(f), is granted.

## II. CONCLUSION

For the reasons stated above, the Defendants' motion to partially dismiss the SAC and to strike certain factual allegations in the SAC, pursuant to Rules 12(b)(1), 12(b)(6) and 12(f), is granted.

The Plaintiff is directed to file a Third Amended Complaint that (1) strikes paragraphs 30, 32, 41-43, 47, 55, 64, 67-69, 83, 88, 93, 127-28, 133-34, 136, 138-39, 142, 148 and 152 from the SAC; (2) reverts paragraphs 1, 73, 86, 123-26 and 140 to their form in the First Amended Complaint; and (3) revises her § 1981 and NYSHRL causes of action to only include claims relevant to a workplace retaliation and hostile work environment theory.

It is **SO ORDERED**:

Dated: Central Islip, New York

November 20, 2018

                                 ___/s/ Arthur D. Spatt___

                                  ARTHUR D. SPATT

                                  United States District Judge